FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 25 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

QUENTON HARMON, Individually and on
Behalf of All Others Similarly Situated                    PLAINTIFF

vs.                                      4:18-cv-_355- JM_

This case assigned to District Judge _Moody_
and to Magistrate Judge _Ray_

RILEY HAYS ROOFING AND
CONSTRUCTION, LLC; and RILEY HAYS                          DEFENDANTS

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Quenton Harmon ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys Daniel Ford, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Class and Collective Action ("Complaint") against Defendants Riley Hays Roofing and Construction, LLC, and Riley Hays (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated minimum and overtime wages as required by the FLSA and AMWA.

## II.   JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7. Plaintiff Quenton Harmon is an individual and resident and domiciliary of Faulkner County.

8. At all times material herein, each Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

9. Defendant Riley Hays Roofing and Construction, LLC ("Riley Hays Roofing"), is a for-profit, domestic limited liability company created and existing under

and by virtue of the laws of the State of Arkansas and registered to do business in the State of Arkansas, providing on-site construction and roofing services.

10. Defendant Riley Hays Roofing operates from a centralized office in Little Rock, but performs construction and roofing throughout Arkansas.

11. Defendant Riley Hays Roofing's primary business purpose is to provide construction and roofing services, and Riley Hays Roofing employs construction workers, roofers and foremen to accomplish this goal.

12. Defendant Riley Hays Roofing's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. During each of the three years preceding the filing of this Complaint, Riley Hays Roofing has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, construction materials, roofing materials and tools.

14. Defendant Riley Hays Roofing was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

15. Defendant Riley Hays Roofing has designated Riley Hays at 26 Pebble Beach Drive, Little Rock, Arkansas 72212 to accept service on its behalf as its registered agent.

16. Defendant Riley Hays ("Hays") is a principal, director and/or officer of Riley Hays Roofing.

17. Defendant Hays controls or has the right to control the day-to-day operations of Defendant Riley Hays Roofing such that he is liable to Plaintiff as an employer under the FLSA.

18. Defendant Hays established and/or maintained the pay policies at issue in this case.

19. Defendant Hays was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendants Riley Hays Roofing and Defendant Hays have unified operational control and management, with the shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

22. Defendant's primary business purpose is to provide construction and roofing services, and Defendant employed construction workers, first as 1099 employees and later as W-2 wage-earning employees, to accomplish this purpose.

23. Within three years prior to the filing of this Complaint, Defendants hired Plaintiff, among other individuals, to perform construction duties as a 1099 employee.

24. Defendants were the employer for purposes of the FLSA of the workers, including Plaintiffs and the Putative Class Members, throughout the relevant time period in this case.

25. During the time period relevant to this lawsuit, Plaintiff was first treated as a 1099 "independent contractor" and then later as W-2 wage-earning employee for purposes of the FLSA.

26. To perform their jobs for Defendants, construction and roofing workers must be trained or oriented to their duties, Defendants' paperwork, processes and methods, customer requirements, and anything else they need to know to perform the work for Defendants.

27. Defendants exercised comprehensive control over the employment of its construction and roofing workers, including Plaintiff's employment.

28. Defendants required construction and roofing workers to follow a fixed schedule in performing their duties.

29. Construction and roofing workers could not refuse to work on certain assigned construction or roofing projects.

30. All construction and roofing workers were expected to follow Defendants' dress code and guidelines.

31. All construction and roofing workers were hired to work for Defendants for an indefinite period of time.

32. No construction or roofing workers shared in Defendants' profits.

33. No construction or roofing workers shared in Defendants' losses.

34. Defendants set the pay rate for construction and roofing workers. During the statutory period, Defendants compensated construction and roofing workers, including Plaintiff, a straight-time rate for all hours worked.

35. Defendants entered into contracts with their customers, and no construction or roofing workers signed contracts with Defendants' customers.

36. Construction and roofing workers, including Plaintiff, did not submit competitive pricing bids for construction and roofing jobs.

37. Defendants made decisions on what new business to pursue or take without Plaintiff's or other construction or roofing workers' input.

38. Construction and roofing workers, including Plaintiff, did not negotiate contracts or prices with Defendants' customers.

39. Plaintiff and other construction and roofing workers drove company cars and possessed and used company credit cards for business purposes.

40. Until recently, Defendants generally did not pay Plaintiff or other construction and roofing workers any overtime premium for hours that they worked over forty hours per week.

41. In other words, if any construction or roofing worker worked more than forty hours per week, Defendants' policy was not to pay that employee an overtime premium of one and one half times the couriers' regular rate for the hours over forty.

42. Following a Department of Labor investigation, Defendants recently changed the status of their construction and roofing employees from 1099 independent contractors to W-2 wage-earning employees.

43. Despite this change in status, Plaintiff's job duties and the job duties of other construction and roofing workers remained the same.

44. Defendants knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendants failed and refused to compensate Plaintiff for his work as required by the FLSA.

45. At all times relevant hereto, Defendants were aware of the minimum wage and overtime requirements of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA 216(b) Collective Action

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    i. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

    ii. Liquidated damages; and

    iii. Costs of this action, including attorney's fees.

48. Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds 50 persons but is less than 250 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

49. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

50. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

51. The phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via text message to their last known phone number as soon as possible.

52. The proposed classes of opt-in Plaintiffs in this case are preliminarily defined as follows:

> Each individual who performed work as a 1099 employee for Defendants any time during the three years preceding the filing of the Original Complaint.

53. The proposed FLSA class members are similarly situated in that they share these traits:

   i. They performed the same or similar job duties;

   ii. They were subject to Defendants' common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week;

   iii. They were subject to numerous other common policies and practices as described *supra*.

### B. AMWA Rule 23 Class

54. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. Plaintiff propose to represent the class of workers classified as 1099 employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

56. Common questions of law and fact relate to all members of the proposed class, such as whether, as a result of Defendants' classification of these workers as 1099 employees, Defendant failed to pay members of the proposed class a lawful overtime wage in accordance with the AMWA.

57. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

58. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from

wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

59. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class contains between 50 and 250 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

60. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

61. Concentrating the litigation in this forum is highly desirable because Defendant's headquarters is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

62. No difficulties are likely to be encountered in the management of this class action.

63. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

64. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

65. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

66. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Overtime Violations)

67. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

69. During the period that he was improperly classified as a 1099 "independent contractor," Defendants unlawfully refrained from paying Plaintiff an overtime premium for hours over forty per week.

70. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

71. By reason of the unlawful acts alleged herein, Defendants are liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. During the time they were misclassified as 1099 "independent contractors," Defendants unlawfully refrained from paying construction and roofing workers an overtime premium for hours over forty per week.

73. Defendants' failure to pay construction and roofing workers all overtime wages owed and to reimburse Drivers' work-related vehicle expenses was willful.

74. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

77. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

79. Defendants failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

80. Defendants' misclassification of Plaintiff as a 1099 "independent contractor" and subsequent failure to pay him an overtime rate of pay for hours worked over forty (40) in a given week was in violation of the AMWA.

81. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

84. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

85. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

86. At all relevant times, Defendants have been, and continue to be, an "employers" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

87. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

88. Defendants failed to pay Plaintiff and members of the proposed class all overtime wages owed, as required under the AMWA.

89. Defendants' policy of misclassifying construction and roofing workers as 1099 "independent contractors" and subsequently failing to pay them a proper overtime rate for hours worked over forty (40) in a given week is in violation of the AMWA.

90. Plaintiff proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiff, which may be defined as follows:

> **Each individual who performed work as a 1099 employee in the State of Arkansas for Defendants at any time during the three years preceding the filing of the Original Complaint.**

91. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

92. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

93. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Quenton Harmon, individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendants be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act and attendant regulations;

E.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

F.  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;* and the Arkansas Minimum Wage Act.

G.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

H.  An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

I.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**QUENTON HARMON, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**QUENTON HARMON, Individually and on Behalf of all Others Similarly Situated**                    **PLAINTIFF**

vs.                               No. 4:18-cv-_____

**RILEY HAYS ROOFING
AND CONSTRUCTION, LLC, and
RILEY HAYS**                                **DEFENDANTS**

### CONSENT TO JOIN COLLECTIVE ACTION

I am/was employed as a 1099 employee for Riley Hays Roofing and Construction, LLC, and Riley Hays ("Defendants"), during the three years prior to the signing of this document. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
QUENTON HARMON

Date: May 21, 2018