**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**QUENTON HARMON, individually and on behalf of others similarly situated** **PLAINTIFF**

**V.** **4:18CV00355 JM**

**RILEY HAYS ROOFING AND CONSTRUCTION LLC, and RILEY HAYS** **DEFENDANTS**

**ORDER**

Pending is the Plaintiff's Motion for Conditional Class Certification, For Disclosure of Contact Information, and to Send Notices. (ECF No. 8). The Defendants have responded, and the Plaintiff has filed a reply. For the reasons set forth below, the Motion is denied.

Plaintiff Quenton Harmon was employed by Riley Hays Roofing and Construction LLC ("Riley Hays Roofing") and Separate Defendant Riley Hays [1] between August 2017 and June 2018 as a construction worker. Plaintiff claims that his hours varied but he regularly worked more than 40 hours per week for which he was not properly compensated. Plaintiff brings this action on behalf of himself and all hourly construction workers employed by Defendants to recover overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks conditional certification of the collective action, disclosure of contact information for putative class members, and leave to send a notice to all others similarly situated giving them the option to opt in to the case.

**I. Certification**

In determining whether this case is appropriate for a court-authorized opt-in notice, the

1 Plaintiff alleges that Riley Hays "controls or has the right to control the day-to-day operations of Defendant Riley Hays Roofing such that he is liable to Plaintiff as an employer under the FLSA." (Complaint, ECF No. 1 at ¶17).

Plaintiff must establish that he is "similarly situated" to putative class members for purposes of § 216(b). This Court has adopted a two-step approach to make this determination:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision,- usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The actions proceed as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.

*Collins v. Barney's Barn, Inc.,* No. 4:12CV00685 SWW, 2013 WL 1668984, *2 (E.D. Ark. April, 17, 2013) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

The plaintiff bears the burden of proof at the initial stage, and "can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Collins,* 2013 WL at *2 (internal citations omitted). "Plaintiffs can satisfy their burden by presenting detailed allegations supported by affidavits, but they 'may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.'" *Butcher v. Delta Mem. Hosp.*, No. 5:12CV000241 (SWW), 2013 WL 1668998 at *2 (E.D. Ark. Apr. 17, 2013) (quoting *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010)); *see also Freeman v. Wal-Mart Stores, Inc.,* 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) ("unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden") (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)).

The Court also requires that named plaintiffs make a preliminary factual showing that similarly-situated putative plaintiffs actually exist. "Without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Butcher,* 2013 WL 1668984 at *2 (quoting *White v. Osmose, Inc*., 204 F.Supp.2d 1309, 1314 (M.D. Ala. 2002)).

Finally, the Court joins other courts in this district which require a showing that other similarly situated individuals desire to opt in to the plaintiff's case.[2]

> Although plaintiff's burden at this stage is not onerous . . . it is not invisible. Evidence of other employees who are willing to join the litigation is necessary to ensure that the mechanism for a collective action is being used appropriately to promote judicial efficiency, rather than used as a tool to burden a defendant and create settlement pressure. While this may not be required in every case, when a case has only one named Plaintiff, vague allegations, and a general affidavit regarding other potential class members, such as this one, more is required. Otherwise certification would simply be a rubber-stamp procedure with no real burden on the moving party.

*Magsby v. Caruso Trucking, Ltd.,* No. 4:17CV00086 BRW, 2017 WL 6945582, at *1 (E.D. Ark. May 31, 2017) (internal quotations omitted).

Based upon the record, the Court finds that collective action certification is not appropriate at this time. In support of his motion, Plaintiff has filed one declaration. (ECF No. 8-7). In his own single declaration, Plaintiff lists the job duties of a construction worker and asserts that . . . "I believe that there would be others that would want to join this lawsuit if notice were sent to them and they were made aware of their right to claim lawful wages." *Id.* ¶ 16. Plaintiff's affidavit is insufficient to prove that similarly situated plaintiffs exist and want to opt in to his lawsuit.

2 The Court has reconsidered the position stated in *Nixon v. ES Oilfield Servs. L.P.*, 2015 WL 11108883, at p. 2 (E.D. Ark. Jan. 6, 2015).

For these reasons, Plaintiff's motion (ECF No. 8) is DENIED without prejudice.

IT IS SO ORDERED this 13th day of December 2018.

James M. Moody Jr.
United States District Judge